Peter Johnson (SBN 165523)
peter@jjlaw2.com
LAW OFFICE OF JOHNSON & JOHNSON
2125 Oak Grove Road, Suite 315
Walnut Creek, CA 94598
*t*: (925) 952-8900/*f*: (925) 952-8902

Donald J. Bartell (SBN 113316)
djbartell@pacbell.net
BARTELL, HENSEL & GRESSLEY
5053 La Mart Drive, Suite 201
Riverside, CA 92507
*t*: (951) 788-2230/*f*: (951) 788-9162

*Attorneys for Plaintiff Michele Ghersi*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELE GHERSI<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF PALM SPRINGS, CHRISTIAN GRANADOS, SHELBY JILES, and DOES 1-10, inclusive;<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Fourth Amendment – Excessive Force (42 U.S.C. § 1983)<br>2. Municipal Liability – Inadequate Training (42 U.S.C. § 1983)<br>3. Municipal Liability – Unconstitutional Custom, Practice or Policy (42 U.S.C. § 1983)<br>4. Battery<br>5. Negligence<br>6. Failure to Intervene (42 U.S.C § 1983)<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff, Michele Ghersi, an individual, in his complaint against Defendants CITY OF PALM SPRINGS, CHRISTIAN GRANADOS, SHELBY JILES and DOES 1-10, inclusive. Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution. This Court has supplemental jurisdiction over Plaintiff's claims arising under the laws of the State of California under 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, acts, omissions, and occurrences giving rise to this action occurred in this district.

## INTRODUCTION

3. This civil rights action and state tort action seeks compensatory damages, punitive damages and attorney fees from Defendants for violating various rights under the United States Constitution and state law in connection with Defendant CHRISTIAN GRANADOS using excessive and unreasonable force on June 21, 2020 against the Plaintiff while CHRISTIAN GRANADOS was working for the CITY OF PALM SPRINGS as a Palm Springs Police Department Officer, and for the failure of Palm Springs Police Department Officer SHELBY JILES to intervene to stop CHRISTIAN GRANADOS from using excessive force on the Plaintiff

## PARTIES

4. At all relevant times Plaintiff Michele Ghersi, was and is an individual and resident of Los Angeles County, State of California.

5. At all relevant times, Defendant CITY OF PALM SPRINGS ("CITY") is and was a municipal corporation existing under the laws of the State of California. CITY is a chartered subdivision of the State of California with the capacity to be sued. CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Palm Springs Police Department and all agents,

employees and police officers of the Palm Springs Police Department. At all relevant times, Defendant CITY was responsible for assuring the actions, omissions, policies, procedures, practices, and customs of the Palm Springs Police Department and its agents, employees and police officers all complied with the United States Constitution, laws of the United States, and the Constitution and laws of the State of California. At all relevant times, CITY was the employer of Defendant CHRISTIAN GRANADOS ("GRANADOS"), Defendant SHELBY JILES ("JILES"), and Defendants DOES 1-10.

6. The conduct alleged in this complaint occurred while GRANADOS was working as a police officer for the CITY and for the Palm Springs Police Department. At all times relevant GRANADOS was acting under color of law within the course and scope of his duties as a police officer for the CITY and for the Palm Springs Police Department. At all times relevant Defendant GRANADOS was acting with the complete authority and ratification of his principal, Defendant CITY. GRANADOS is sued in his individual and official capacity.

7. At all times relevant to this Complaint, Defendant JILES was working as a police officer for the CITY and for the Palm Springs Police Department. At all times relevant JILES was acting under color of law within the course and scope of her duties as a police officer for the CITY and Palm Springs Police Department. At all times relevant Defendant JILES was acting with the complete authority and ratification of her principal, Defendant CITY. JILES is sued in her individual and official capacity.

8. At all times relevant to this Complaint, the DEFENDANTS acted in concert and conspiracy and were jointly and severally responsible for the harms caused to Plaintiff.

9. The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 1-10, inclusive, are unknown to Plaintiff, who otherwise sues these Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained. Each of the fictitiously-named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

10. At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

11. All of the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity. Moreover, Defendants and their agents ratified all of the acts complained of herein.

12. On December 17, 2020, a comprehensive and timely claim for damages was mailed on behalf of the Plaintiff to the CITY in substantial compliance with § 910 of the California Government Code. The claim was delivered by the United States Postal Service to the CITY on December 18, 2020, and the CITY acknowledged receipt of the claim on December 21, 2020. Said claim was rejected by the CITY on February 3, 2021.

## **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

13. On June 21, 2020, Plaintiff was a guest staying at the Avalon Hotel, located at 415 S. Belardo Road, Palm Springs, CA 92262.

14. On June 21, 2020, GRANADOS and JILES responded to the Avalon Hotel in response to a noise complaint made in regard to the Plaintiff.

15. After arriving at the Avalon Hotel, GRANADOS seized the Plaintiff and handcuffed him after the Plaintiff was placed under a citizen's arrest for allegedly violating Penal Code section 415, subsection (2).

16. GRANADOS placed the handcuffs on the Plaintiff extraordinarily and excessively tight for no valid reason but to cause significant pain and injury to the Plaintiff.

17. GRANADOS placed the handcuffs on the Plaintiff with excessive and unreasonable force in light of the facts and circumstances confronting him in that Plaintiff did not resist arrest, pose a threat, or behave in a manner warranting the excessive and unreasonably forceful handcuffing.

18. Plaintiff requested GRANADOS to loosen the handcuffs due to the pain the handcuffs were causing. Instead, GRANADOS deliberately further tightened the handcuffs resulting in severe pain to the Plaintiff, and eventually causing the Plaintiff's hands to become numb and causing Plaintiff to suffer significant physical injury.

19. GRANADOS further tightening of the handcuffs on the Plaintiff was not done for any valid or lawful reason but rather for the sole purpose of inflicting pain upon Plaintiff.

20. GRANADOS intentionally led the Plaintiff, while in handcuffs, over broken glass on the floor while the Plaintiff was barefooted, which caused the Plaintiff's feet to become cut, resulting in further pain, suffering, and injury to the Plaintiff.

21. After leading the Plaintiff over broken glass, GRANADOS walked the Plaintiff out towards a Palm Springs Police Department patrol vehicle.

22. While GRANADOS walked the Plaintiff towards the Palm Springs Police Department patrol vehicle, GRANADOS intentionally grabbed the handcuffs that were restraining the Plaintiff and with knowledge the handcuffs were already causing Plaintiff great pain, twisted them in such a way to make the handcuff restraint more painful.

23. GRANADOS' twisting of the handcuffs on the Plaintiff was done in a manner that was unreasonable in light of the facts and circumstances confronting him in that Plaintiff did not resist arrest, pose a threat, or behave in a manner warranting the twisting of the handcuffs.

24. GRANADOS also forcibly grabbed and bent Plaintiff's left arm and did so with excessive force and in an unreasonable manner. This action caused pain and injury to the Plaintiff's left elbow.

25. GRANADOS' forcible grabbing of the Plaintiff's elbow was done in a manner that was unreasonable in light of the facts and circumstances confronting him in that Plaintiff did not resist arrest, pose a threat, or behave in a manner warranting the twisting of the excessively and unreasonably tight handcuffs.

26. JILES was present and witnessed all events described above. JILES could have intervened to protect Plaintiff from the unlawful, excessive and unreasonable use of force by GRANADOS, but failed to intervene, choosing rather to facilitate the unlawful conduct by not taking any action and allowing it to occur unimpeded.

27. There was no legal cause to justify any of the uses of force against the Plaintiff, and the force used against the Plaintiff was unreasonable and excessive.

28. GRANADOS placed Plaintiff in custody in the back of a Palm Springs Police Department patrol vehicle and transported Plaintiff to a detention facility in Banning, California.

29. During the transportation to the detention facility, the Plaintiff remained restrained in the handcuffs and despite his further complaints of pain, GRANADOS AND JILES did nothing to loosen or adjust the handcuffs, nor position Plaintiff in a way that would provide him any relief from the pain, as such Plaintiff continued to suffer pain and injury to his wrists, left elbow, hands, fingers and feet.

30. Plaintiff informed GRANADOS and JILES of the fact that he was experiencing significant pain and injury while being transported to the detention facility from Palm Springs, California, and GRANADOS and JILES ignored the Plaintiff's pleas for help.

31. Plaintiff was then booked into the detention facility at Banning, California, where he continued to suffer pain and injury to his wrists, left elbow, hands, fingers, and feet due to the actions of GRANADOS and JILES.

32. After being released from the detention facility in Banning, California, the Plaintiff immediately proceeded to seek medical care for his injuries.

33. The Plaintiff met with his general practitioner physician, who referred the Plaintiff to a hand specialist with Cedars-Sinai Medical Center in Los Angeles, California.

34. The Plaintiff met with the hand specialist at Cedars-Sinai Medical Center, and subsequently had an emergency surgery due to the injuries he suffered as a result of the excessively forceful and unreasonable handcuffing by GRANADOS and inaction of JILES.

35. The Plaintiff's injuries caused by GRANADOS and JILES has necessitated medical treatment and medical care, and has left the Plaintiff with loss of feeling in the extremities of his left hand, with persistent pain in his hands and wrists, with nerve damage, with the inability to use his hands and wrists as he was able to prior to the excessively forceful and unreasonable handcuffing by GRANADOS, and the Plaintiff continues to experience frequent pain in his left elbow.

36. At all times relevant to this Complaint, the conduct of GRANADOS and JILES was willful, reckless, and in callous disregard of Plaintiff's rights under federal and state law.

37. As a direct and proximate result of the conduct of all DEFENDANTS, plaintiff has suffered physical injuries, psychological harm, pain and suffering, medical expenses and loss of income.

## FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure – Excessive and Unreasonable Use of Force (4th & 14th Amendments to the United States Constitution, 42 U.S.C. § 1983)**

**(Against all DEFENDANTS )**

38. Plaintiff hereby re-alleges each and every allegation in paragraphs 1-37 of this Complaint with the same force and effect as if fully set forth herein.

39. The actions of GRANADOS violated Plaintiff's right under the Fourth and Fourteenth Amendments to the United States Constitution to be free from excessive, unreasonable, and unlawful use of force.

40. As a result of the foregoing, Plaintiff suffered physical injuries, pain and suffering, emotional distress, medical expenses, and loss of work and income. Plaintiff prays for damages as set forth below.

## SECOND CLAIM FOR RELIEF

## Municipal Liability – Failure to Train (42 U.S.C. § 1983)

## (Against Defendants CITY OF PALM SPRINGS and DOES 1-10)

41. Plaintiff realleges as though fully set forth herein and incorporates by reference all allegations and statements set forth in paragraphs 1-40 of this Complaint.

42. GRANADOS acted under color law when he deprived Plaintiff of his Fourth and Fourteenth Amendment rights under the United States Constitution.

43. Plaintiff alleges that the training policies of Defendant CITY were not adequate to train its police officers, including GRANADOS and JILES, to handle the usual and recurring tasks, such as properly handcuffing suspects, and monitoring the effects of handcuffs harming individuals in their custody and care, which duties they must regularly execute as part of their employment.

44. Plaintiff alleges Defendant CITY failed to adequately train its officers in proper techniques for reasonably applying handcuffs, recognizing infliction of injury and undue pain due to improper handcuffing and adjusting handcuffs to relieve pain and prevent injury. Plaintiff alleges CITY was deliberately indifferent to the obvious consequences of its failure to properly train its officers in an adequate manner.

45. Plaintiff alleges Defendant CITY failed to adequately train in that all actions by defendants GRANADOS and JILES herein indicate complete unawareness of the degree of pain and injury that may be caused by improper and excessively tight handcuffing, twisting handcuffs already administered too tight and manner of transportation while handcuffed exacerbating pain and injury.

46. Plaintiff further alleges Defendant CITY failed to adequately train its officers to intervene to prevent unlawful injury to citizens based on excessive force by fellow officers, in that the Defendant CITY has failed to train its officers they have a duty to intervene despite the fact that injury is being inflicted upon the citizen by a fellow officer. Further that such intervention is mandated by law and that they will not suffer retaliation

8
COMPLAINT FOR DAMAGES

internally at the Police Department for conducting themselves in a lawful manner by preventing unlawful and unreasonable injury to citizens.

47. The failure of Defendant CITY to provide adequate training caused the deprivation of the Plaintiff's Fourth and Fourteenth Amendment rights by GRANADOS and JILES.

48. By reason of the aforementioned acts and omissions of GRANADOS, JILES and the CITY, Plaintiff has suffered nerve damage, injury and pain to his wrists, hands, the fingers of his left hand, and left elbow. The Plaintiff's injuries caused by GRANADOS has necessitated medical treatment and medical care, and has left the Plaintiff with loss of feeling in the extremities of his left hand, with persistent pain in his hands and wrists, with nerve damage, with the inability to use his hands and wrists as he was able to prior to the excessively forceful and unreasonable handcuffing by GRANADOS, and the Plaintiff experiences regular pain in his left elbow.

49. The actions and omissions of the CITY, GRANADOS and JILES caused Plaintiff to suffer injury pain, suffering, emotional distress, medical expenses, loss of work, and loss of income.

50. Accordingly, Defendant CITY is liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983. Plaintiff prays for damages as set forth below.

## THIRD CLAIM FOR RELIEF
**Municipal Liability – Unconstitutional Custom, Practice or Policy (42 U.S.C. § 1983)**
**(Against Defendants CITY OF PALM SPRINGS and DOES 1-10)**

51. Plaintiff realleges as though fully set forth herein and incorporates by reference all allegations and statements set forth in paragraphs 1-50 of this Complaint.

52. CITY maintains a policy, custom and practice of reckless handcuffing of citizens, including using handcuffing, manipulation of handcuffs and transportation in handcuffs in an excessive manner. CITY maintains the policy, custom and practice of using handcuffs, manipulation of handcuffs and transportation in handcuffs without regard

to the physical injuries that may result from such reckless use of handcuffs. CITY maintains the policy, custom and practice of using handcuffs, manipulation of handcuffs and transportation in handcuffs as a means of control of persons in custody without any regard for the infliction of pain and physical injury that may occur, including amongst others ignoring complaints by persons complaining of pain from the reckless and excessively tight handcuffing.

53. Additionally, the violations of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution, Plaintiff's damages, and the conduct of the GRANADOS and JILES were directly and proximately caused by the actions and inactions of the Defendant CITY, which the Plaintiff alleges has encouraged, tolerated, ratified, and has been deliberately indifferent to the following policies, patterns, practices, and customs, and to the need for more or different training, supervision, investigation, or discipline in the areas:

   a. The use of force by police officers;
   b. The failure to train police officers in the proper exercise of police powers, including but not limited to the making of an arrest, the use of force, and proper handcuffing techniques;
   c. The failure to discipline, re-train, and/or take remedial action with respect to police officers who use excessive and unreasonable force, use improper handcuffing techniques, and show an inability to employ the proper techniques in making arrests;
   d. The failure to identify and take remedial or disciplinary action against police officers who were the subject of poor civilian or internal complaints of misconduct;
   e. Police officers' use of their status as police officers to employ the use of force or to achieve ends not reasonably related to their police duties;
   f. The failure of police officers to follow established policies, procedures, directives, and instructions regarding arrests, the use of force,

including proper handcuffing techniques, under such circumstances as presented in this case;

g. The failure to properly sanction or discipline police officers who are aware of and conceal and/or aid and abet violations of constitutional rights of persons by other Palm Springs police officers;

h. Failing to adequately train CITY police officers to intervene when other CITY police officers commit acts of excessive and unreasonable force or other forms of police misconduct;

i. Maintaining and/or failing to discourage a custom, practice, or policy of CITY police officers to not report acts of excessive and unreasonable force by fellow CITY police officers; and

j. Failing to adequately discipline CITY police officers for actions that result in the deprivation of rights enumerated under the Fourth and Fourteenth Amendments to the United States Constitution, and imposing discipline that is so slight as to be out of proportion to the conduct such that such conduct is not discouraged.

54. Accordingly, Defendant CITY is liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983. Plaintiff prays for damages as set forth below.

**FOURTH CLAIM FOR RELIEF**

**Battery**

**(Against Defendants CITY OF PALM SPRINGS, CHRISTIAN GRANADOS, DOES 1-10)**

55. Plaintiff realleges as though fully set forth herein and incorporates by reference all allegations and statements set forth in paragraphs 1-37 of this Complaint.

56. GRANADOS intentionally placed handcuffs on the Plaintiff in an excessive and unreasonably forceful manner.

57. GRANADOS placed the handcuffs on the Plaintiff in an excessive and unreasonably forceful manner with the intention to harm or offend the Plaintiff.

58. The Plaintiff did not consent to the excessive and unreasonably forceful handcuffing by GRANADOS.

59. GRANADOS intentionally twisted the excessively tight handcuffs while the Plaintiff was restrained in them in an excessively and unreasonably forceful manner.

60. The Plaintiff did not consent to GRANADOS' twisting of the excessively tight handcuffs.

61. The actions of GRANADOS were outrageous, were done with a reckless disregard of the probability of causing Plaintiff emotional distress, it did cause the Plaintiff severe emotional distress, and the actions of GRANADOS were the cause of this emotional distress.

62. The actions of GRANADOS caused harm to the Plaintiff. The Plaintiff suffered nerve damage, injury and pain to his wrists, hands, the fingers of his left hand. The Plaintiff suffered the loss of feeling in the extremities of his left hand, with persistent pain in his hands and wrists, with nerve damage, with the inability to use his hands and wrists as he was able to prior to the excessively forceful and unreasonable handcuffing by GRANADOS.

63. The actions of GRANADOS caused Plaintiff to suffer pain, suffering, emotional distress, medical expenses, loss of work, and loss of income.

64. GRANADOS was at all times mentioned herein an employee of Defendant CITY. All actions and omissions of GRANADOS were at all times within the course and scope of GRANADOS' employment with Defendant CITY.

65. Defendant CITY is vicariously liable for the wrongful acts of GRANADOS under section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability. Plaintiff prays for damages as set forth below.

## FIFTH CLAIM FOR RELIEF

### Negligence

### (Against Defendants CITY OF PALM SPRINGS, CHRISTIAN GRANADOS, DOES 1-10)

66. Plaintiff realleges as though fully set forth herein and incorporates by reference all allegations and statements set forth in paragraphs 1-37 of this Complaint.

67. GRANADOS had a duty of care to not place handcuffs on the Plaintiff in an excessively tight and unreasonable manner.

68. GRANADOS breached that duty by placing the handcuffs on the Plaintiff in an excessively tight and painful manner.

69. GRANADOS' actions caused Plaintiff to suffer pain, nerve damage, and damage and injury to his wrists, hands, and the fingers of his left hand.

70. GRANADOS' actions also caused the Plaintiff to suffer emotional distress, medical expenses, loss of work, and loss of income.

71. GRANADOS had a duty of care to not walk the Plaintiff across broken glass in his bare feet.

72. GRANADOS breached that duty when he walked the Plaintiff across broken glass in his bare feet.

73. GRANADOS' actions caused the Plaintiff's feet to be cut, and caused the Plaintiff pain, suffering, and emotional distress.

74. GRANADOS had a duty of care not to bend Plaintiff's left elbow in such a manner to cause the Plaintiff pain and injury to his left elbow.

75. GRANADOS breached that duty by bending Plaintiff's left elbow in such a manner as to cause the Plaintiff pain and injury to his left elbow, and also causing suffering, and emotional distress.

76. GRANADOS was at all times mentioned herein an employee of the CITY. All actions and omissions of GRANADOS were at all times within the course and scope of GRANADOS' employment with Defendant CITY.

77. Defendant CITY is vicariously liable for the wrongful acts of GRANADOS under section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability. Plaintiff prays for damages as set forth below.

## SIXTH CLAIM FOR RELIEF

### Failure to Intervene (42 U.S.C. § 1983)

### (Against Defendants CITY OF PALM SPRINGS, SHELBY JILES, DOES 1-10)

78. Plaintiff realleges as though fully set forth herein and incorporates by reference all allegations and statements set forth in paragraphs 1-53 of this Complaint.

79. JILES was present when GRANADOS used unreasonable and excessive force in handcuffing the Plaintiff.

80. JILES had reason to know excessive force was being used unjustifiably on the Plaintiff by GRANADOS, that a constitutional violation of the Plaintiff's Fourth and Fourteenth Amendments was being committed by GRANADOS, and JILES had a realistic opportunity to intervene to prevent the harm from occurring.

81. JILES failed to intervene to prevent GRANADOS handcuffing the Plaintiff with unreasonable and excessive force. Such failure to intervene by JILES violated the Plaintiffs rights under the Fourth and Fourteenth Amendments to the United States Constitution.  Plaintiff prays for damages as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Michele Ghersi requests entry of judgment in his favor against Defendants CITY OF PALM SPRINGS, CHRISTIAN GRANADOS, SHELBY JILES, and DOES 1-10, inclusive, as follows:

1. For compensatory damages as to all DEFENDANTS in an amount to be proven at trial;

2. For punitive damages against the individual defendants in an amount to be proven at trial;

3. For reasonable attorneys' fees, including litigation expenses;

4. For costs of suit; and

5. For such further other relief as the Court may deem just, proper, and appropriate.

Respectfully submitted,

JOHNSON & JOHNSON

Dated: August 02, 2021

/s/ Peter Johnson
Peter Johnson
Attorneys for Plaintiff,
MICHELE GHERSI

## **DEMAND FOR JURY TRIAL**

The Plaintiff hereby demands trial by jury.

Respectfully submitted,

JOHNSON & JOHNSON

Dated: August 02, 2021

/s/ Peter Johnson
Peter Johnson
Attorneys for Plaintiff,
MICHELE GHERSI